**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ARRIC PLOCH | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 4:12-cv-00310 |
| | ) | |
| | ) | |
| FIRSTSOURCE ADVANTAGE LLC | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
SUMMARY JUDGMENT / CROSS-MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Defendant does not contest that it violated the FDCPA when it failed to properly disclose its identity as a debt collector during a telephonic collection attempt.  Rather, Defendant argues that it is not possible for Plaintiff to have sustained any actual damages in connection with its illicit conduct.  Therefore, Defendant claims its offer of judgment for $1,001 moots this suit and requires the Court to dismiss it.  Defendant's argument is flawed for several reasons.

First, Plaintiff properly established evidence of his actual damages in his affidavit. Due to Defendant's failure to follow even the most basic requirement of the FDCPA- the rule that a debt collector inform the consumer that it is, in fact, a debt collector- Plaintiff was unsure if Defendant's collection call was a "junk" call from a telemarketer or whether the call concerned important business that Plaintiff needed to attend to.  *See* Plaintiff's Affidavit, **Exhibit 1** to the SOF.  Plaintiff provided testimony about the stress and worry he experienced when he received this illicit communication.  As described more fully below, ample precedent exists for this Court to award the Plaintiff the modest

1

amount of actual damages he seeks.  If Plaintiff's claim for actual damages is worth more than $1, Defendant's mootness argument fails and the litigation should proceed.  If there is a factual dispute about the amount of actual damages Plaintiff can claim, then this is a dispute that should be submitted to the finder of fact at trial as discussed in more detail below.

Second, Defendant's offer of judgment does not moot this suit because that offer does not contain any compensation for Plaintiff's statutory damages pursuant to the TCPA.  To deal with this problem, Defendant moves for summary judgment on Plaintiff's TCPA claim, asserting that it cannot have any liability under the TCPA because it did not use an autodialer to call Plaintiff's cellular phone.  However, questions of fact preclude summary judgment in Defendant's favor at this time.  Defendant concedes that, at least sometimes, it does use an autodialer.  Defendant concedes it used the autodialer to call Plaintiff on one or more of his contact numbers.  Defendant even concedes that it was using the autodialer to contact Plaintiff on the very day of the illicit telephone message at issue in this suit.  Defendant's own collection notes seem to indicate that Defendant loaded Plaintiff's cellular phone number into its dialer.  Based on these facts, a genuine dispute as to whether Defendant used its autodialer to call Plaintiff's cellular phone precludes summary judgment in favor of Defendant.  Plaintiff requests discovery on the autodialer issue in the event the Court is inclined to rule in Defendant's favor.

Finally, even if Plaintiff has not established any actual damages pursuant to his claim based on 15 U.S.C. § 1692e, and even if this Court accepts Defendant's attempt to evade TCPA liability, Plaintiff nonetheless has two *additional* FDCPA claims that

need to be litigated under §1692d and §1692f (Defendant called Plaintiff multiple times per day to harass him and caused Plaintiff to incur cellular charges by concealing its identity).  Plaintiff has also claimed actual damages in connection with these separate FDCPA violations, and precedent establishes that this is sufficient to trump Defendant's "mootness" argument.  Defendant has not even challenged those claims in its Response, and it is very plausible that Plaintiff will win on those claims and collect actual damages therein.

Accordingly, Defendant's offer of judgment has not mooted this dispute.  This Court should grant partial summary judgment in favor of Plaintiff, award him statutory and actual damages, and allow the litigation to proceed on the remaining FDCPA and TCPA allegations.[1]

For purposes of economy, Plaintiff will Reply to Defendant's Response regarding Plaintiff's Motion for Summary Judgment and Plaintiff will also Respond to Defendant's own Motion for Summary Judgment in this brief.

## II. Response to Defendant's Uncontroverted Facts[2]

1. Plaintiff denies that Affiant Kotas, a non-attorney, has any familiarity whatsoever with the TCPA, as her affidavit states no basis for this familiarity. Kotas Decl., para. 1-5.  Plaintiff denies the entirety of Fact #1.

2. Plaintiff denies that Defendant never used an automatic telephone dialing system to place calls to the number ending in 3685.  Defendant concedes that it did use an automatic dialing system to call at least some of his phone

---

[1] Plaintiff does not contest that he is entitled to a single statutory award from the Defendant.  However, pursuant to 15 U.S.C. § 1692k(a), Plaintiff can claim actual damages in connection with any of Defendant's FDCPA violations.

[2] Defendant failed to provide a MS Word copy of its Statement of Uncontroverted Facts to Plaintiff.  Therefore, Plaintiff respectfully requests the Court's leave to respond to each numbered fact without setting forth the language contained in Defendant's Statement of Uncontroverted Facts.

numbers on January 5, 2012, *the very date that Plaintiff has testified Defendant called his cellular phone.* Exhibit to Kotas Decl., at pg. 9 of 11. Further, there is nothing in the collection notes supplied by Defendant that indicates Defendant did not use its autodialer to place calls to the number ending in 3685, as the notes appear exactly the same for autodialed calls placed to Plaintiff's other contact numbers as they do for Defendant's calls placed to the number ending in 3685. Exhibit to Kotas Decl., at pg. 4-7 of 11. In addition, Defendant apparently had no idea that the number ending in 3685 was a cellular phone number- it coded that number as "POE," an abbreviation commonly used in the industry for "Place of Employment." Exhibit to Kotas Decl., at pg. 4-7 of 11. Defendant, not knowing that the 3685 number was a cell number, had no reason *not* to autodial that number, as TCPA liability in this case is premised solely on unauthorized, autodialed calls to Plaintiff's cellular phone and not to any land line; 47 U.S.C. § 227(b)(1). Finally, Defendant's own collection notes indicate "Dialer: Y," a notation that a reasonable finder of fact could review to determine that Defendant had "set up" its autodialer to call Plaintiff at all of his contact numbers, including the number ending in 3685. Kotas Decl, exhibit at pg. 3 of 11. Finally, Defendant fails to offer any evidence whatsoever from the bill collectors that actually worked Plaintiff's account as to how they contacted Plaintiff. Defendant's affiant has no personal knowledge about the collection efforts at issue. Therefore, Plaintiff denies the entirety of Fact #2.

4

3. Plaintiff denies that any calls to the number ending in 3685 were manually dialed, and incorporates his response to Fact # 2 as if fully stated herein. Therefore, Plaintiff denies the entirety of Fact #3.

4. Plaintiff denies that any calls to the number ending in 3685 were manually dialed, and incorporates his response to Fact # 2 as if fully stated herein. Defendant's affiant produces no documentation whatsoever about the "PBX" system or its capabilities and simply asks this Court to take her at her word. Additional discovery is necessary to analyze whether the "PBX" system qualifies as an "autodialer" pursuant to the complex statutory definition. *See* Griffith v. Consumer Portfolio Services, Inc., 2011 WL 3609012 (N.D. Ill. 2011). Whether or not the "PBX" system was even used to dial Plaintiff's cellular phone is in doubt based on the analysis above. Plaintiff is without knowledge as to the "capabilities" of Defendant's "PBX" phone system and requests discovery on that topic if the Court is inclined to enter summary judgment in Defendant's favor. Therefore, Plaintiff denies the entirety of Fact #4.

5. Plaintiff denies that any calls to the number ending in 3685 were manually dialed, and incorporates his response to Fact # 2 as if fully stated herein. Plaintiff is without knowledge as to the "capabilities" of Defendant's "PBX" phone system and requests discovery on that topic if the Court is inclined to enter summary judgment in Defendant's favor. Therefore, Plaintiff denies the entirety of Fact #5.

6. Plaintiff denies that any calls to the number ending in 3685 were manually dialed, and incorporates his response to Fact # 2 as if fully stated herein. Plaintiff is without knowledge as to the "capabilities" of Defendant's "PBX" phone system and requests discovery on that topic if the Court is inclined to enter summary judgment in Defendant's favor. Therefore, Plaintiff denies the entirety of Fact #7.
7. Plaintiff admits these facts.
8. Plaintiff admits these facts.
9. Plaintiff admits these facts.
10. Plaintiff admits these facts.
11. Plaintiff admits these facts.
12. Plaintiff admits these facts.

### III. Argument

#### A. Defendant's Mootness Argument Fails Because Plaintiff has Properly Supported His Claim for Actual Damages.

In attempting to collect the debt from Plaintiff, Defendant failed to follow the FDCPA's simplest rule: disclosing to Plaintiff that Defendant was a debt collector.  15 U.S.C. § 1692d(6), e(11).  Where a debt collector fails to identify itself as required by 15 U.S.C. §1692d(6) or e(11), this is a material failure to comply with the statute, not a mere technical violation, and an award of actual damages in connection with such a violation is consistent with 15 U.S.C. § 1692k(a).  Warren v. Sessoms & Rogers, P.A., No. 10-2105, (4th Cir., Jan. 11, 2012) (full citation not yet available, case attached as **Exhibit 1.1**)  "A consumer who has suffered emotional distress has suffered 'actual

6

damage,' even if the emotional distress was not severe." Edeh v. Midland Credit Mgmt. Inc., 748 F.Supp.2d 1030, 1041 (D. Minn. 2010).  "Indeed, the Eighth Circuit has upheld awards for 'mere mental pain and anxiety'… where the plaintiff has alleged only that he has suffered 'only loss of sleep, nervousness, frustration, and mental anguish' over an incorrect credit report."  Id, referring to the FCRA, a statute analogous to the FDCPA, and *citing* Millstone v. O'Hanlon Credit Reports, Inc., 528 F.2d 829, 834 (8th Cir. 1976).

At the time Defendant violated the law, January 5, 2012, Defendant's own records establish that the illicit voice message was the initial collection communication between Plaintiff and Defendant.  See exhibit to Kotas Decl. at p. 5 of 11; *see also* Ploch Affidavit, **Exhibit 1** to SOF at para. 7-8 (Plaintiff did not receive a collection letter from Defendant until February 3, 2012).  Plaintiff therefore had no way of knowing that "FirstSource" was a debt collector.  Plaintiff testified, "I did not recognize the 'reference number' Defendant left, and felt intimidated and confused by the vague message.  I did not know if the call was a 'scam' from a telemarketer or a call in reference to an important obligation, and experienced stress and worry as I debated about whether to return the call to learn more about the mystery caller." Ploch Affidavit, **Exhbit 1** to SOF, at para. 9.

Under the circumstances, Plaintiff sets forth the reasons for his distress with enough specificity to justify an award of actual damages.  *See* Poniewaz v. Regent Asset Mgmt. Solutions, Inc., 4:10-cv-867 (E.D. Mo. Sept. 7, 2010) (the plaintiff recovered $500 in actual damages based on two illicit phone calls)(attached as **Exhibit 1.2**).  If Plaintiff's claim for actual damages is worth more than $1.00, then Defendant's mootness argument fails.  *See, e.g.* Edeh, 748 F.Supp.2d at 1041; Shepherd v. Law

7

Offices of Cohen & Slamowitz, LLP, 668 F.Supp.2d 579 (S.D.N.Y. 2009), Derisme v. Hunt Leibert Jacobsen, PC, No. 3:10cv244 (D.Conn. Jan. 27, 2011)(attached as **Exhibit 1.3**).

The United States Court of Appeals for the Fourth Circuit recently ruled on a set of facts that are closely analogous to the instant case in Warren v. Sessoms & Rogers, P.A., No. 10-2105, (4th Cir., Jan. 11, 2012)(attached as **Exhibit 1.1**).  In Warren, the plaintiff filed a claim pursuant to 15 U.S.C. § 1692e(11) for the defendant debt collector's failure, in a single message, to disclose its identity as a debt collector.  The message in in Warren is virtually identical to the message in the instant case.  The plaintiff included an additional claim pursuant to § 1692c.

The defendant (almost mirroring Defendant's tactic in this case), prior to discovery, filed an offer of judgment attempting to offer $250 *or any greater amount as determined by the court* for plaintiff's actual damages plus attorneys' fees plus costs (in the instant case, Defendant offered only $1 in actual damages).  The plaintiff rejected the offer of judgment.  The defendant moved to dismiss the plaintiff's complaint utilizing the very same "mootness" argument Defendant attempts in the instant case.  The argument failed, just as it should in this case.

In reversing the district court's dismissal, the Court of Appeals noted, "The defendants have acknowledged, as they must, that Warren was entitled to have a jury determine her actual, as opposed to statutory, damages.  See Fed. R. Civ. P. 38 (preserving the "right of trial by jury" in civil actions); 15 U.S.C. § 1692k(a)(1), (2)(A) (providing for actual and statutory damages and limiting a court's discretion to awarding only the statutory damages)."  Similarly, in the instant case, Defendant's mootness

8

argument must fail. Plaintiff respectfully contends that Defendant has not offered any evidence to controvert that (1) he sustained actual damages or that (2) fair compensation for those damages is $1,000. Defendant has not even advanced an argument as to Plaintiff's claims for actual damages pursuant to his two additional FDCPA claims (described more fully below). At best, Defendant may have illuminated a factual issue as to the amount of actual damages in connection with Plaintiff's claim under § 1692d(6)/e(11). In accordance with Rule 38 and Warren, this is an issue for the jury at trial.

Defendant's *ad hominem* attacks against Plaintiff as a litigious "maven" are misplaced. Defendant would have this Court judge Plaintiff's claims in this suit under a standard other than "unsophisticated consumer" standard articulated in Plaintiff's Motion for Summary Judgment. The "unsophisticated consumer" standard is not a presumption that Defendant can rebut with apparent evidence of Plaintiff's litigiousness (although Defendant does not, and cannot, make any colorable argument that Plaintiff has ever acted in bad faith in any instance). The Court properly applies the "unsophisticated consumer" standard to Plaintiff's entire FDCPA claim. Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 771 (8th Cir. 2001); McCafferty v. Schwartzkopf Law Office, No. 4:10-cv-1404 (E.D. Mo. January 20, 2012) (attached as **Exhibit 1.4**). Accordingly, this Court should reject Defendant's mootness argument and enter partial summary judgment in Plaintiff's favor.

### *B. Defendant's Mootness Argument Fails Because Questions of Fact Persist as to whether Defendant used an Autodialer; this also Defeats Defendant's Motion for Summary Judgment.*

Defendant's mootness argument also fails because Defendant is not entitled to summary judgment on Plaintiff's TCPA claim.  At minimum, there is a material question of fact as to whether Defendant used an autodialer to call Plaintiff's cellular phone.  Plaintiff notes that Defendant has peddled, unsuccessfully, the identical "we don't really use an autodialer" argument in at least one other case.  In Moore v. FirstSource Advantage, LLC, No. 07-CV-770 (W.D. N.Y. Sep. 15, 2011)(attached as **Exhibit 1.4**), Defendant lost a summary judgment motion based on the identical argument it makes in this case- that it did not use an autodialer to call the plaintiff..  Plaintiff anticipates that in this case, like in Moore, Defendant's contention that it did not use an autodialer will not survive discovery.  In any event, material questions of fact exist on the issue of whether Defendant used an autodialer even at this early stage in the litigation.

The material questions of fact as to Defendant's use (or not) of an autodialer are outlined in detail in Plaintiff's responses to Defendant's proposed additional Material Facts.  To summarize, Defendant's claim that it did not use an autodialer to call Plaintiff's cellular phone is suspect in light of the following (all references to the record contained *supra*):

> (1) Defendant concedes that it did use an automatic dialing system to call at least some of his phone numbers on January 5, 2012, *the very date that Plaintiff has testified Defendant called his cellular phone*;
>
> (2) There is nothing in the collection notes supplied by Defendant that indicates that Defendant did not use its autodialer to place calls to his cellular phone, as the notes

> appear exactly the same for autodialed calls placed to Plaintiff's other contact numbers as they do for Defendant's calls placed to Plaintiff's cellular phone;
>
> (3) Defendant had no idea that the number ending in 3685 was Plaintiff's cellular phone number- it coded that number as "POE," an abbreviation commonly used in the industry for "Place of Employment" and thus had no reason *not* to autodial that number (as TCPA liability in this case is premised solely on unauthorized calls to Plaintiff's cellular phone; 47 U.S.C. § 227(b)(1)); and
>
> (4) Defendant's own collection notes indicate "Dialer: Y," a notation that a reasonable finder of fact could review to determine that Defendant had "set up" its autodialer to call Plaintiff at all of his contact numbers.

Material questions of fact exist as to Defendant's use of an autodialer that preclude summary judgment in Defendant's favor. Defendant's mootness argument on Plaintiff's related FDCPA claim must therefore also fail.

### *C. Defendant's Mootness Argument Fails Because Defendant Has Not Challenged Plaintiff's Two Additional FDCPA Claims.*

Finally, Defendant's offer of judgment cannot possibly moot this litigation because Plaintiff retains two additional FDCPA claims that Defendant has yet to challenge. In addition to stating a claim relating to Defendant's failure to properly identify itself, Plaintiff has stated a claim pursuant to 15 U.S.C. § 1692d(5), which prohibits a debt collector from "causing a telephone to ring… with intent to annoy, abuse, or harass any person at the called number." Amended Petition, para. 20(a). The notes attached to Defendant's Declaration in support of its Motion for Summary Judgment (exhibit to Kotas Decl, at p. 5 of 11) indicate that Defendant's apparent collection strategy was to call Plaintiff four times daily (*see* call history on 1/5/12 and on 1/7/12). Based on these facts, Plaintiff has a viable § 1692d(5) claim, and he is entitled

11

to seek actual damages in connection with that claim. Brown v. Buchan, 748 F.Supp.2d 847 (W.D. Tenn. 2010); Pratt v. CMRE Financial Serv. Inc., Case No. 4:10-cv-2332 (E.D. Mo 2011)(attached as **Exhibit 1.5**).

Plaintiff has also pleaded a viable claim pursuant to 15 U.S.C. § 1692f(5). Section 1692f(5) prohibits a debt collector from causing "charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees." 15 U.S.C. § 1692f(5). Plaintiff pleaded that (1) Defendant used numerous "anonymous" numbers to disguise its identity as a debt collector when it would call Plaintiff, (2) Defendant further disguised its identity by failing to disclose the fact that it was a debt collector and (3) that Plaintiff was charged for Defendant's calls to his cellular phone. Amended Complaint, ¶¶10-15[3]. Based on these facts, Plaintiff has a viable § 1692f(5) claim, and he is entitled to seek actual damages in connection with that claim.

Plaintiff's additional, valid FDCPA claims render Defendant's mootness argument without effect at this time. See Edeh v. Midland Credit Mgmt. Inc., 748 F.Supp.2d 1030, 1041 (D. Minn. 2010). Given that Defendant's mootness argument fails, and given that summary judgment is not proper in favor of Defendant, this Court should enter partial summary as Plaintiff has requested and deny summary judgment in favor of Defendant.

### IV. CONCLUSION

Plaintiff respectfully requests that this Court grant his Motion for Summary Judgment and award him $1,000 in statutory damages, $1,000 in actual damages, and

---

[33] Plaintiff mistakenly cited § 1692d rather than 1692f in paragraph 20(b) of his Amended Complaint. Plaintiff's clerical error does not change the substance of his pleading, which states a valid claim for a § 1692f(5) violation.

attorneys' fees in an amount to be determined after the briefing on this matter is concluded.  Plaintiff requests that this Court deny Defendant's Motion for Summary Judgment.  Plaintiff requests that this Court allow him to conduct discovery on the question of whether Defendant used an autodialer within the meaning of the TCPA in the event the Court is considering granting Defendant's Motion on that issue.  Plaintiff also requests any further relief that the Court deems just and appropriate.

RESPECTFULLY SUBMITTED:

**EASON & VOYTAS, LLC**

s/ Richard A. Voytas, Jr.
_____
**JAMES W. EASON, #57112MO**
**RICHARD A. VOYTAS, JR. #52046MO**
**EASON & VOYTAS, LLC**
**1 North Taylor Ave.**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**

### CERTIFICATE OF SERVICE

The undersigned verifies that a copy of the foregoing document was served via electronic mail on the following counsel of record on May 1, 2012:

Patrick T. McLaughlin, Esq.
Joshua C. Dickinson, Esq.
SPENCER FANE BRITT & BROWNE LLP
1 North Brentwood Blvd. Suite 1000
St. Louis, MO 63105
jdickinson@spencerfane.com
pmclaughlin@spencerfane.com
(314) 863-7733

/s/ Richard A. Voytas, Jr.

13