**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ARRIC PLOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )       No. 4:12-CV-310-JAR |
| | ) |
| FIRSTSOURCE ADVANTAGE LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on cross motions for summary judgment. Plaintiff Arric

Ploch ("Ploch") alleges Defendant FirstSource Advantage LLC ("FirstSource") violated the Fair

Debt Collections Practices Act, 15 U.S.C. §§ 1692 et seq., (FDCPA) and the Telephone

Consumer Protection Act, 47 U.S.C. §§ 227, et seq., (TCPA). (First Amended Complaint

("FAC"), Doc. No. 9, ¶¶ 1-2) The motions are fully briefed and ready for disposition. For the

following reasons, the motions will be denied.

**Background**

There is no dispute that FirstSource is engaged in the collection of debts from consumers

using the mail and telephone and is, therefore, a "debt collector" within the meaning of

§ 1692a(6).[1] It is further undisputed that Ploch, a "natural person obligated or allegedly obligated

to pay any debt," is a "consumer" within the meaning of § 1692a(3). FirstSource insituted

collection efforts against Ploch on a debt he owed to "FIA Card Services" for personal and

---

[1] A "debt collector" is defined by § 1692a(6) of the Act as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

household goods purchased at a department store. Ploch alleges that on January 12, 2012, FirstSource left a voicemail message for him on his cellular telephone in an attempt to collect the debt and failed to identify itself as a debt collector. (FAC, ¶¶ 10-11) In his Affidavit, attached to his motion for summary judgment as Exhibit 1, Ploch states FirstSource's entire message was as follows:

> This is a message for Arric Ploch. This is Amanda Wright calling with FirstSource Advantage LLC. It is very important that you return my call. Please call me toll free 866-508-0521 with reference number 50774548. Our office will be open until 10 p.m. eastern standard time. Thank you.

 (Affidavit of Arric Ploch ("Ploch Affidavit"), Doc. No. 12-2, ¶ 6) Ploch states FirstSource's message left him unsure as to whether FirstSource was a debt collector and the reason for the call. (Ploch Affidavit, ¶ 8) He alleges that FirstSource's collection attempts caused him to incur actual damages including, but not limited to, cellular phone charges, anxiety, sleeplessness and worry. (FAC, ¶ 18) Ploch values his anxiety, stress and worry at no less than $1,000.00. (Ploch Affidavit, ¶ 10)

On March 14, 2012, FirstSource presented its Rule 68 Offer of Judgment to Ploch, offering to allow judgment to be entered in his favor under the following terms: monetary judgment in the amount of $1,001, plus reasonable attorneys' fees and court costs, as determined by the Court. (Declaration of Joshua C. Dickinson ("Dickinson Decl."), Doc. No. 21-2, ¶ 3) Ploch rejected the offer. The parties continued settlement negotiations through March 26, 2012, when Ploch filed his motion for partial summary judgment on his claim that FirstSource violated the FDCPA by failing to identify itself as a debt collector in the message left on his voicemail.

FirstSource argues it is entitled to summary judgment on Ploch's FDCPA claim because

it made him a Rule 68 offer of judgment, thereby mooting this case. FirstSource further argues it is entitled to summary judgment on Ploch's TCPA claim because it did not use an automated dialing system or leave pre-recorded messages when calling his cellular number.

### Legal Standard

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The initial burden is placed on the moving party.  City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988).  If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir. 1988).

Where parties file cross-motions for summary judgment, each summary judgment motion must be evaluated independently to determine whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law. Husinga v. Federal-Mogul Ignition Co., 519 F.Supp.2d 929, 942 (S.D. Iowa 2007). "[T]he filing of cross motions for summary judgment does not necessarily indicate that there is no dispute as to a material fact, or have the effect of submitting the cause to a plenary determination on the merits." Wermager v. Cormorant Township Bd., 716 F.2d 1211, 1214 (8th Cir. 1983). In determining the appropriateness of summary judgment, "the relevant inquiry is whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Bingaman v. Kansas City Power & Light Co., 1 F.3d 976, 980 (10th Cir.1993) (quoting Anderson, 477 U.S. at 251-52)).

**Discussion**

**A. FDCPA**

To prevail on his FDCPA claim, Ploch must prove that: 1) he has been the object of collection activity arising from a consumer debt; 2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and 3) the defendant violated, by act or omission, a provision of the FDCPA. See, Pace v. Portfolio Recovery Associates, LLC, 2012 WL 2398024, at *2 (W.D. Mo. June 25, 2012) (citing Chomilo v. Shapiro, Nordmeyer & Zielke, LLP, 2007 WL 2695795, at *2 (D. Minn. Sept. 12, 2007)). The third element is at issue here.

Ploch claims summary judgment is appropriate on his §§ 1692d and 1692e claims because FirstSource failed to disclose in its voice message that it was a debt collector. Section 1692d(6) prohibits a debt collector from making "telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6). Section 1692e(11) prohibits a debt collector from "fail[ing] to disclose in… communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11). Both § 1692d(6) and § 1692e(11) apply to voice messages. See, Baker v. Allstate Financial Services, Inc., 554 F.Supp.2d 945, 949-950 (D.Minn. 2008); Smith v. Greystone Alliance, LLC, 2011 WL 1303377 at *4 (N.D. Ill. March 29, 2011).

In opposition to Ploch's motion, FirstSource submits the declaration of its counsel of record, Joshua Dickinson, who states the parties have engaged in no written or oral discovery in this case, and as a result, "has not been able to explore any of the allegations, recordings, or

documents in [Ploch's] possession, nor test the veracity of his testimony through a deposition." Dickinson further states FirstSource is not in a position at this stage to dispute many of the factual assertions made by Ploch in his early motion. (Dickinson Decl., ¶ 7)

In support of its cross motion for summary judgment, FirstSource argues Ploch's rejection of its Rule 68 offer moots this action. Specifically, FirstSource argues that Ploch fails to offer any credible evidence as to how its alleged violation of the FDCPA could lead to a cognizable claim for actual damages and that his affidavit is not sufficient to support an award of damages for stress, anxiety and worry. FirstSource contends that because Ploch cannot prove any actual damages, its Rule 68 offer satisfied his entire claim for relief under the FDCPA and thus, there is no longer a case or controversy.

Ploch replies that if his claim for actual damages is valued at more than $1.00, FirstSource's mootness argument fails and further, there may be a factual issue as to the amount of his actual damages in connection with his FDCPA claim.

With respect to Ploch's motion, a district court may defer considering a motion for summary judgment or deny it if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d).[2] "Rule 56(d) reflects the principle that 'summary judgment is proper only after the nonmovant has had adequate time for discovery.' " Kuehne v. Citimortgage, Inc., 2012 WL 1205754, at *4

---

[2] On December 31, 2010, Rule 56(f) was recodified "without substantial change" as Rule 56(d). Fed.R.Civ.P. 56 advisory committee's notes; Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 792 (8th Cir. 2012).

(E.D. Mo. April 11, 2012) (quoting Ray v. Am. Airlines, Inc., 609 F.3d 917, 923 (8th Cir.

2010)). As such, Rule 56(d) should be applied liberally. Id. (citation omitted.) As discussed

above, FirstSource has submitted the declaration of its counsel of record stating that because the

parties have not engaged in any discovery, FirstSource is not in a position to contest Ploch's

allegation regarding the content of the voicemail left on his phone. Because there are facts

unavailable to FirstSource, the Court finds it appropriate at this stage of the proceedings to deny

Ploch's motion for summary judgment without prejudice subject to refiling upon completion of

discovery.      With respect to FirstSource's cross motion for summary judgment, some courts

have held that when a defendant makes a Rule 68 offer of judgment for the full amount of the

damages that could be recovered at trial, the action is moot. See, e.g., Abrams v.Interco Inc., 719

F.2d 23, 32 (2d Cir. 1983); Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991); Murphy v.

Equifax Check Servs., Inc., 35 F.Supp. 2d 200, 203 (D. Conn. 1999); Weiss v. Fein, Such, Kahn

& Shepard, P.C., 2002 WL 449653, at *3 (S.D.N.Y. Mar. 22, 2002); Ambalu v. Rosenblatt, 194

F.R.D. 451, 453 (E.D.N.Y. 2000). However, if the offer of judgment does not cover all damages,

including costs and attorney's fees, then it is not sufficient, and the case is not moot. See Wilner

v. OSI Collection Services, Inc., 201 F.R.D. 321, 323 (S.D.N.Y.2001); Weissman v. ABC Fin.

Serv., Inc., 203 F.R.D. 81, 83 (E.D.N.Y. 2001).

　　　　The FDCPA authorizes recovery of "any actual damage" sustained by a consumer as a

result of a debt collector's violation of the Act. 15 U.S.C. § 1692k(a)(1). A consumer who has

suffered emotional distress has suffered "actual damage" under the FDCPA, even if the

emotional distress was not severe. See, Edeh v. Midland Credit Management, Inc., 748

F.Supp.2d 1030, 1041 (D.Minn. 2010). As for the sufficiency of Ploch's affidavit, other circuits

have held that a plaintiff's testimony, standing alone, can provide sufficient evidence to support a

claim for emotional-distress damages, provided the plaintiff can reasonably explain the

circumstances of the injury and not rely merely on conclusory statements. Id. (citing United

States v. Balistrieri, 981 F.2d 916, 931-32 (7th Cir.1992); Bach v. First Union Nat'l Bank, 149

Fed.Appx. 354, 361 (6th Cir.2005)). As observed by the court in Edeh, "the case law does not

provide a bright-line rule for when a jury may award emotional-distress damages, but

[plaintiff's] claim does not differ much from the claim that survived in Millstone[3]—and, as

noted,

§ 1692k(a)(1) permits recovery for "*any* actual damage," not just severe damage. Moreover,

emotional distress is, by its nature, extremely subjective, and often the only evidence of

emotional distress will be the testimony of the distressed person." 748 F.Supp.2d at 1042.

At this point, the Court cannot determine that Ploch's actual damages could not exceed

FirstSource's offer of judgment. The record before the Court is simply unclear, in that neither

party has conducted any discovery. Thus, the Court cannot find as a matter of law that

FirstSource's offer of judgment moots Ploch's case. Because there is a genuine issue of material

fact as to the amount of actual damages, if any, suffered by Ploch, FirstSource's motion for

summary judgment on Ploch's FDCPA claims will be denied.

**B. TCPA**

The TCPA prohibits persons from (1) making "any call," (2) "using any automatic

telephone dialing system or an artificial or prerecorded voice;" (3) "to any telephone number

---

[3]In Millstone v. O'Hanlon Reports, Inc., 528 F.2d 829, 834 (8th Cir. 1976), the plaintiff
alleged he suffered "only loss of sleep, nervousness, frustration and mental anguish" over an
incorrect credit report.

assigned to a ... cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A). The TCPA defines "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

FirstSource argues that Ploch cannot adduce any evidence to support a claim under the TCPA, and therefore, the Court should grant summary judgment to FirstSource. FirstSource claims it did not call Ploch's cellular telephone number from an autodialer or leave any pre-recorded messages. In support of its motion, FirstSource submits the declaration of Melissa Kotas, its Dialer Operations Manager. (Declaration of Melissa Kotas ("Kotas Decl."), Doc. No. 21-1) Kotas states that FirstSource did not place any calls to Ploch's cellular telephone from an ATDS and that all calls to Ploch's cellular number were through FirstSource's PBX phone system and manually dialed. (Id., ¶¶ 6-8) According to Kotas, the PBX phone system does not have the capability to store or produce telephone numbers to be called, using a random or sequential number generator, or to dial such numbers. (Id., ¶ 8) Finally, Kotas states the collectors attempting calls to Ploch on the PBX system did not leave any pre-recorded voice messages on Ploch's cellular line. (Id., ¶ 10)

In response, Ploch states that there is a material question of fact as to whether FirstSource used an autodialer to call his cellular telephone. Pointing to the collection notes attached to Kotas's declaration, Ploch states there is nothing in those notes that indicates FirstSource did not use its autodialer to place calls to the number ending in 3685. The notes appear exactly the same for autodialed calls placed to Ploch's other contact numbers as they do for FirstSource's calls placed to the number ending in 3685. (Kotas Decl., pp. 4-7 of 11) Ploch further argues

8

FirstSource apparently had no idea that the number ending in 3685 was a cellular phone number because it coded that number as "POE," an abbreviation commonly used in the industry for "Place of Employment." (Id.) Thus, there would have been no reason for FirstSource not to autodial that number. Ploch contends FirstSource's collection notes indicate "Dialer: Y," a notation that could indicate to a reasonable fact finder that Defendant had "set up" its autodialer to call Plaintiff at all of his contact numbers, including the number ending in 3685. (Id., p. 3 of 11) Finally, Kotas has no personal knowledge about the collection efforts at issue. Ploch contends that additional discovery is necessary to analyze whether FirstSource's PBX system qualifies as an "autodialer" pursuant to the complex statutory definition in the TCPA.

Because there is a genuine issue of material fact as to whether FirstSource used an autodialer to call Ploch's cellular telephone, FirstSource's motion for summary judgment on Ploch's TCPA claim will be denied.

Finally, on September 4, 2012, the Court entered its Order Referring Case to Alternative Dispute Resolution. (Doc. No. 24) Upon review of the record, the Court notes that the Designation of Neutral/ADR Conference Report has not been filed. The filing deadline was October 4, 2012.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment on His Claim Re: 15 U.S.C. § 1692d-e [12] is **DENIED** without prejudice subject to Plaintiff refiling upon completion of discovery.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment [21] is **DENIED**.

9

**IT IS FURTHER ORDERED** that lead counsel file a written motion requesting an extension of time to file the Designation of Neutral/ADR Conference Report with the Court within five (5) days of the date of this Order.

Dated this 1st day of November, 2012.


_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE